**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

SANDRA NELMS,

    Plaintiff,

      v.

REDLINE RECOVERY SERVICES, LLC,

    Defendant.
_____/

## PLAINTIFF'S COMPLAINT AND DEMAND FOR JURY TRIAL

SANDRA NELMS (Plaintiff), by her attorneys, KROHN & MOSS, LTD., alleges the following against REDLINE RECOVERY SERVICES, LLC (Defendant):

### INTRODUCTION

1. Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, *15 U.S.C. 1692 et seq.* (FDCPA). According to the FDCPA, the United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy. Congress wrote the FDCPA to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses. *15 U.S.C. 1692(a) – (e).*

2. Plaintiff brings this action to challenge Defendant's actions with regard to attempts by Defendant, a debt collector, to unlawfully and abusively collect a debt allegedly owed by Plaintiff, and this conduct caused Plaintiff's damages.

3. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## JURISDICTION AND VENUE

4. Jurisdiction of this court arises pursuant to *15 U.S.C. 1692k(d)*, which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy," and *28 U.S.C. 1367* grants this court supplemental jurisdiction over the state claims contained therein.

5. Because Defendant conducts business in the state of Florida, personal jurisdiction is established.

6. Venue is proper pursuant to *28 U.S.C. 1391(b)(1)*.

7. Declaratory relief is available pursuant to *28 U.S.C. 2201 and 2202*.

## PARTIES

8. Plaintiff is a natural person who resides in Fleming Island, Clay County, Florida, and is allegedly obligated to pay a debt and is a "consumer" as that term is defined by *15 U.S.C. 1692a(3)*.

9. Pursuant to the definitions outlined in *15 U.S.C. 1692a(1-6)*, Defendant is a debt collector and sought to collect a consumer debt from Plaintiff which was allegedly due and owing from Plaintiff, and Plaintiff is a consumer debtor.

10. Defendant is a national company with its headquarters in Getzville, Eerie County, New York.

11. Defendant uses instrumentalities of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another and is a "debt collector" as that term is defined by *15 U.S.C. § 1692a(6)*.

12. Defendant is a collection agency that in the ordinary course of business, regularly, on behalf of itself or others, engages in debt collection.

## FACTUAL ALLEGATIONS

13. Defendant constantly and continuously places collection calls to Plaintiff seeking and demanding payment for an alleged debt (see Exhibit "A").

14. Defendant contacted multiple neighbors of Plaintiff and disclosed the nature and existence of the alleged consumer debt.

15. Defendant has threatened to freeze Plaintiff's bank account. To date Plaintiff's bank account has not been frozen.

16. Defendant suggested that Plaintiff should get rid of her car because it is considered a luxury item while seeking and demanding payment for an alleged debt.

17. Defendant has told Plaintiff that she needed to sign over her child support checks to Defendant while seeking and demanding payment for an alleged debt.

## COUNT I
## DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT

18. Defendant violated the FDCPA based on the following:

    a. Defendant violated *§1692b(2)* of the FDCPA by communicating with Plaintiff's neighbors and Plaintiff's ex-husband and disclosing that Plaintiff owes an alleged consumer debt.

<ol start="2" type="a">
</ol>

b. Defendant violated *§1692b(3)* of the FDCPA by communicating with third parties more than once for the purpose of acquiring Plaintiff's location information.

c. Defendant violated *§1692c(b)* of the FDCPA by communicating with third parties in connection with the collection of Plaintiff's alleged debt.

d. Defendant violated *§1692d* of the FDCPA by engaging in conduct the natural consequence of which is to harass, oppress, and abuse the Plaintiff.

e. Defendant violated *§1692d(5)* of the FDCPA by causing a telephone to ring repeatedly and continuously with the intent to annoy, abuse, and harass Plaintiff.

f. Defendant violated *§1692d(6)* of the FDCPA by placing telephone calls without meaningful disclosure when Defendant often times hung up before Plaintiff or her answering machine could pick up the call.

g. Defendant violated *§1692e(5)* of the FDCPA by threatening to take action that is not intended to be taken.

19. As a direct and proximate result of one or more or all of the statutory violations above Plaintiff has suffered emotional distress (see Exhibit "B").

WHEREFORE, Plaintiff, SANDRA NELMS, respectfully requests judgment be entered against Defendant, REDLINE RECOVERY SERVICES, LLC, for the following:

20. Declaratory judgment that Defendant's conduct violated the Fair Debt Collection Practices Act,

21. Statutory damages pursuant to the Fair Debt Collection Practices Act, *15 U.S.C. 1692k*,

22. Actual damages,

23. Costs and reasonable attorneys' fees pursuant to the Fair Debt Collection Practices Act, *15 U.S.C. 1692k*

24. Any other relief that this Honorable Court deems appropriate.

>RESPECTFULLY SUBMITTED,
>
>By:_____/s/ Jeffrey Spiegel____
>[ ] Jeffrey Spiegel
>Attorney for Plaintiff
>Krohn & Moss, Ltd.
>5055 Wilshire Blvd., Suite 300
>Los Angeles, CA 90036

## **DEMAND FOR JURY TRIAL**

PLEASE TAKE NOTICE that Plaintiff, SANDRA NELMS, hereby demands trial by jury in this action.

## VERIFICATION OF COMPLAINT AND CERTIFICATION

STATE OF FLORIDA

Plaintiff, SANDRA NELMS, states the following:
1. I am the Plaintiff in this civil proceeding.
2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification or reversal of existing law.
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
5. I have filed this Complaint in good faith and solely for the purposes set forth in it.
6. Each and every exhibit I have provided to my attorneys which has been attached to this Complaint is a true and correct copy of the original.
7. Except for clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, modified or fabricated these exhibits, except that some of the attached exhibits may contain some of my own handwritten notations.

Pursuant to 28 U.S.C. § 1746(2), I, SANDRA NELMS, hereby declare (or certify, verify or state) under penalty of perjury that the foregoing is true and correct.

12-29-08
Date

Sandra R. Nelms
SANDRA NELMS

# **EXHIBIT A**

To:     The Consumer Law Center
From:   Sandra R. Nelms
Re:     Call log for calls received from Redline Recovery

I know, from September 2008 through December 2008, I received at least 3 to 4 calls per day at least 5 times per week. This is a conservative recollection as I believe I actually received more calls than that on certain days and weeks. I know my calls from Redline Recovery generally came in between 8:00 am and 9:00 am, mid-morning, mid-afternoon, early evening, and between 7:30 pm and 8:30 pm. Often times very rude messages were left on my phones voicemails, both business and home, making it available for my children to hear the comments and demands. This made them feel scared and worried that something bad would happen to us. As of the first of this year, 2009, Redline Recovery has not left any voice mail messages, and I'm not sure whether they have tried to call me. I believe this is because they were told by my ex-husband that I have contacted an attorney regarding the harassment I have received from them.

I had calls still left on my caller ID from December 20th through December 23rd, 2008. I tried to take pictures of the caller ID's and forward on to The Consumer Law Center. The quality was not good. I can feel more than confident that if any authority could receive a list of my incoming calls from my phone company they would be able to verify my statement.

Sincerely,

Sandra Rae Nelms

Fleming Island, FL
904-215-5965

# **EXHIBIT B**

I have suffered from the following due to, or made worse by, the actions of the Defendant's debt collection activities:

1. Sleeplessness — **YES** NO
2. Fear of answering the telephone — **YES** NO
3. Nervousness — **YES** NO
4. Fear of answering the door — **YES** NO
5. Embarrassment when speaking with family or friends — **YES** NO
6. Depressions (sad, anxious, or "empty" moods) — YES **NO**
7. Chest pains — **YES** NO
8. Feelings of hopelessness, pessimism — YES **NO**
9. Feelings of guilt, worthlessness, helplessness — **YES** NO
10. Appetite and/or weight loss or overeating and weight gain — **YES** NO
11. Thoughts of death, suicide or suicide attempts — YES **NO**
12. Restlessness or irritability — **YES** NO
13. Headache, nausea, chronic pain or fatigue — **YES** NO
14. Negative impact on my job — YES **NO**
15. Negative impact on my relationships — **YES** NO

Other physical or emotional symptoms you believe are associated with abusive debt collection activities: My fear is that my ex-husband (having been told of my debt situation) will harrass me continually and continue to threaten taking our children from me. I have been completely humiliated by the fact that his current wife and my children's Grandmother, Aunt & Uncle's (on their Father's side) now know of my debt situation because my Ex-husband made sure to share the information.

Pursuant to 28 U.S.C. § 1746(2), I hereby declare (or certify, verify or state) under penalty of perjury that the foregoing is true and correct.

Dated: 12-29-08

Sandra R Nelms
Signed Name

Sandra R. Nelms
Printed Name